UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

BETTA PRODUCTS, INC.,            No. 03-10925

                Debtor(s).
_____/

BETTA PRODUCTS, INC.,

                Plaintiff(s),

         v.                              A.P. No. 05-1046

DISTRIBUTION SYSTEMS AND SERVICES,
INC., aka DSS,

                Defendant(s).
_____/

Memorandum on Motions Related to Arbitration
_____

       This adversary proceeding involves claims by debtor and plaintiff Betta Products, Inc., that it suffered damages due to a breach of a written warehousing agreement by defendant Distribution Systems and Services, Inc. (DSS). Basically, Betta alleges that DSS improperly looked after inventory of Betta in DSS' custody.

       On July 11, 2005, the court granted DSS' unopposed motion to stay proceedings in this court and compel arbitration pursuant to the written agreement. The dispute was thereafter in the hand of the American

1

Arbitration Association until October, 2006, when Betta made a motion in this court to amend its complaint. This was in reaction to a motion DSS had made to the arbitration panel to dismiss Betta's tort claims (principally conversion) on grounds that the arbitration was, by terms of the contract, limited to damages arising out of the agreement.

On October 20, 2006, the court entered an allowing the amended complaint. The order contained the following language:

> The original contract claims not contained in the Amended Complaint may proceed in arbitration as the AAA or its panel of arbitrators deems proper including, without limitation, any arguments for a stay or suspension of that proceeding.

Immediately after entry of the order allowing the amended complaint, Betta filed a motion in this court for dismissal of its contract claims. Then, five days later on October 31, 2006, Betta filed a motion for an interim stay of the arbitration or, in the alternative, shortening time on its motion to dismiss the contract claims. The court set a hearing on shortened time for November 17, 2006.

The current disputes stem from Betta's actions between October 31 and November 17, 2006.[1] Betta decided that its best course of action was to completely ignore the arbitration proceedings, even though this court had ordered that any request to stay the arbitration must be made to the arbitrators. The arbitration went forward without Betta's participation on November 13, 2006, and resulted in an award in favor of DSS and awarding DSS $20,434.09 in arbitration expenses. Now before the court are DSS' motion to confirm the arbitration award, Betta's motion to vacate the arbitration award, and Betta's motion to dismiss its contract claims.

Betta makes two arguments which the court dismisses as without foundation. These matters need to be addressed before the technical details of Betta's objections are considered.

First, Betta argues that the arbitration award was obtained by fraud, corruption or other undue means. Nothing in the record even creates a triable issue of fact as to this slanderous assertion. Everything in

---

[1] The court was on vacation during this time, having made arrangements for Chief Judge Newsome to hear any emergency matters. Betta tried to obtain an expedited hearing during this time, and its request was denied by Judge Newsome.

2

1  the record indicates that the arbitrators were distinguished professionals and did not act in a corrupt or
2  fraudulent manner.

3  Second, Betta argues that the arbitration proceeded contrary to this court's orders and desires. This
4  is completely false. Not only did the court expressly order that any request for a stay of arbitration be made
5  only to the arbitrators, but the court made it clear on the record that its desire was not to interfere with the
6  arbitration. Contrary to Betta's arguments, the arbitrators acted consistently with this court's orders and did
7  not misinterpret anything. The court anticipated that the arbitrators would adjudicate the contract claims,
8  leaving only the tort claims for court adjudication. That is exactly what happened.

9  Before the court can decide the issues before it, the court must decide what law to apply and whether
10 venue is proper. Because the contract involved commerce, the Federal Arbitration Act applies
11 notwithstanding reference in the contract to Minnesota law. *Mediterranean Enterprises, Inc. v.*
12 *Ssangyong*, 708 F.2d 1458, 1463n4. Because the venue provisions of the Federal Arbitration Act are not
13 mandatory, this court has jurisdiction to enter or vacate an arbitration award notwithstanding the venue
14 provisions contained in 9 U.S.C. § 9 and § 10. *Theis Research, Inc. v. Brown & Bain*, 240 F.3d 795,
15 796 (9th Cir.2001).

16 Section 9 of the Federal Arbitration Act requires the court to confirm the arbitration award unless it is
17 vacated pursuant to § 10. Section 10(a) sets forth four grounds for vacating an award:

18 (1) where the award was procured by corruption, fraud, or undue means;
(2) where there was evident partiality or corruption in the arbitrators, or either of them;
19 (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior
20 by which the rights of any party have been prejudiced; or
(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and
21 definite award upon the subject matter submitted was not made.

22 Betta has made no showing sufficient to create an issue as to grounds (1), (2) or (4). Thus, the sole
23 issue to be decided is whether the arbitrators were guilty of misconduct in refusing to postpone the hearing.

24 A party to an arbitration proceeding is not entitled to a continuance merely be asking for it. He must
25 have good cause, and denial is generally not grounds for vacation of an arbitration award unless the denial is
26 arbitrary and unreasonable. *Sheet Metal Workers v. Jason Mfg.*, 900 F.2d 1392, 1398 (9th Cir. 1990).

Courts will not intervene in an arbitrator's decision not to postpone a hearing if any reasonable basis for it exists. *DVC-JPW Investors v. Gershman*, 5 F.3d 1172, 1174 (8th Cir. 1993); *El Dorado School Dist. #15 v. Continental Cas. Co.*, 247 F.3d 843, 848 (8th Cir. 2001). "[A]n arbitrator is not guilty of misconduct merely because, in the face of a denial of postponement, a party chooses to absent itself from a duly scheduled hearing." *Id.;* See also *Scott v. Prudential Sec., Inc.,* 141 F.3d 1007, 1016-17 (11th Cir. 1998).

Fundamentally, Betta's situation is based on its own misunderstanding of this court's role once it had ordered the dispute to arbitration. Betta seems to believe that the court retained or reserved the power to dismiss the dispute, as if the arbitrators were special masters or the arbitration was some sort of court-ordered mediation. However, the court's order made it clear that the entire dispute was in the hands of the arbitrators, and that proceedings in this court were stayed pending the arbitrators' decision. Moreover, the court made it clear abundantly clear that it did not desire to interfere with the arbitration in any way. Betta's decision to seek dismissal from this court instead of the arbitrators was a fundamental mistake, and its voluntary boycott of the duly set arbitration hearing resulted in a predictable, and quite proper, award against it for the DSS' costs and the expenses of arbitration.

In an analogous situation, this court hears cases because the district court has referred them to this court pursuant to 28 U.S.C § 157(a). The entire case is before this court, not just the trial. If a litigant announced to this court that it intended to ignore a trial date because it intended to ask the district court to dismiss the case, this court would do exactly what the arbitrators in this case did and proceed with the trial. The entire matter was before the arbitrators, not just the adjudication of disputed issues.

The arbitrators acted fairly and properly in refusing to continue the arbitration. Having voluntarily absented itself, Betta cannot now complain because it lost and was assessed the cost of arbitration. In fact, Betta owes the arbitrators an apology for the contempt it displayed to them and the arbitration process.

For the foregoing reasons, Betta's motions to vacate the arbitration award and dismiss the contract claims will be denied. DSS' motion to confirm the award will be granted. Counsel for DSS shall submit an appropriate form of order.

4

Dated: February 15, 2007

/s/ Alan Jaroslovsky
Alan Jaroslovsky
U.S. Bankruptcy Judge