UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

BETTA PRODUCTS, INC.,                              No. 03-10925

                    Debtor(s).
_____/

BETTA PRODUCTS, INC.,

                    Plaintiff(s),

      v.                                    A.P. No. 05-1046

DISTRIBUTION SYSTEMS AND SERVICES,
INC., aka DSS,

                    Defendant(s).
_____/

Memorandum on Motion to Strike Jury Demand
_____

      This adversary proceeding started out fairly simply. In its complaint, plaintiff and Chapter 11 debtor in possession Betta Products, Inc. ("Betta") alleged that defendant Distribution Systems and Services, Inc. ("DSS") breached a written warehouse agreement by failing, refusing or being unable to produce inventory of Betta which DSS had contracted to warehouse. Betta sought either turnover of its missing inventory or damages exceeding $1 million.

      DSS did not demand a jury in its answer to the complaint. However, it thereafter made a motion to

1

arbitrate the dispute pursuant to the warehouse agreement, and Betta did not oppose. The court assumed at that time that the dispute would be expeditiously resolved with little court time involved. The court was very wrong.

The case began going south when DSS made a motion before the arbitration panel to exclude any tort claims of Betta. Panicking at the thought of losing a theory of recovery, Betta came running back to this court to amend its complaint to add tort claims. The court granted the motion but severed the tort claims from the contract claims being arbitrated, assuming that the issue was a tempest in a teapot since the essential issue was whether DSS properly warehoused Betta's property and that would be decided by the arbitration panel. Again, the court was wrong.

At this point, Betta got the bright idea that since it now had a tort action pending before this court it could ignore the arbitration proceeding. It sought to dismiss its contract claims and only litigate the tort claims. However, it made a fundamental mistake in thinking that the arbitration panel was some sort of extension of this court and sought dismissal with this court instead of the arbitration panel. The court refused to intervene and the arbitration panel proceeded, in the absence of Betta, to rule in favor of DSS.

That leaves the tort claims of the amended complaint. The factual allegations and the damages sought are the same, except that Betta has added a prayer for punitive damages. In its answer to the amended complaint, DSS asserted a jury demand for the first time. Betta's motion to strike the jury demand is now before the court.

The court would very much like to allow DSS a jury, as it has formed a strong dislike for the gamesmanship practiced by both sides which has turned this case from a straightforward claim for damages into an exercise in the nuances of civil procedure; allowing a jury would mean that the district court would be saddled with this albatross. However, it does not appear that DSS is entitled to a jury.

The general rule is that an amended complaint which advances new theories of recovery raises new issues and revives a lapsed right to demand a jury. See annot., "Waived Right to Jury Trial as Revived by Amended or Supplemental Proceedings," 18 ALR Fed. 754, 757-8. However, the rule is somewhat different in this circuit. Here, where the original complaint and the amended complaint turn on the same matrix of facts

2

the presentation of a new theory of recovery does not constitute the presentation of a new issue on which a jury trial should be granted. *Lutz v. Glendale Union High School*, 403 F.3d 1061, 1066 (9th Cir. 2005); *Las Vegas Sun, Inc. v. Summa Corp.*, 610 F.2d 614, 620 (9th Cir. 1979).

The amended complaint is based on exactly the same facts as the original complaint. The only new factor other than a new theory of recovery is a demand for punitive damages. However, this is merely a change in the relief sought. The cases are fairly uniform in holding that a change in desired relief does not revive a right to a jury. 18 ALR Fed. at 770-773. For example, in *Lanza v. Drexel & Co.*, 479 F.2d 1277, 1310 (2nd Cir. 1973), the Second Circuit held that where a defendant attempted to assert a right to a jury trial demand in response to the plaintiff's amended securities complaint that added a claim for punitive damages, the defendant's failure to demand a jury trial as to the original complaint waived his right as to all issues relating to this general area of dispute, including the allegations of the amended complaint.

For the foregoing reasons, the court concludes that the amended complaint did not revive DSS' right to demand a jury trial. Counsel for Betta shall accordingly submit a form or order granting its motion to strike the jury demand.

Dated: June 5, 2007

Alan Jaroslovsky
U.S. Bankruptcy Judge