UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

BETTA PRODUCTS, INC.,                            No. 03-10925

                     Debtor(s).
_____/

BETTA PRODUCTS, INC.,

                     Plaintiff(s),

      v.                                      A.P. No. 05-1046

DISTRIBUTION SYSTEMS AND SERVICES, INC., aka DSS,

                     Defendant(s).
_____/

Memorandum on Motion to Dismiss and Related Motions and Cross-Motions
_____

I. Issue Preclusion

     In its complaint commencing this adversary proceeding, plaintiff and Chapter 11 debtor in possession Betta Products, Inc. ("Betta") alleged that defendant Distribution Systems and Services, Inc. ("DSS") breached a written warehouse agreement by failing, refusing or being unable to produce inventory of Betta which DSS had contracted to warehouse. Betta sought either turnover of its missing inventory or damages exceeding $1 million.

     The agreement between Betta and DSS called for DSS to use reasonable efforts to store safely all products received from Betta and to protect the products from loss or damage. It further provided, in pertinent part:

1

> DSS is responsible for the safe handling and safekeeping of Products delivered to the warehouse location provided by DSS. . . . [I]f more than one half (½) of one percent (1%) of the Products received DSS during any three month quarter during the Agreement are lost, stolen, and/or damaged, then DSS agrees to reimburse [Betta] for the value of the Products in excess of this amount . . . .

The agreement provided that it was to be governed by Minnesota law and contained a provision requiring any dispute to be arbitrated by the American Arbitration Association. Shortly after service of the complaint, DSS filed a motion to compel arbitration which Betta did not oppose. The court granted the motion and stayed further proceedings in this court pending arbitration.

DSS made a motion before the arbitration panel to exclude any tort claims of Betta. Panicking at the thought of losing a theory of recovery, Betta came running back to this court to amend its complaint to add tort claims. The court granted the motion but severed the tort claims from the contract claims being arbitrated, assuming that the issue was a tempest in a teapot since the essential issue was whether DSS properly warehoused Betta's property and that would be decided by the arbitration panel.

For some reason still a mystery to the court, Betta decided that since it now had a tort action pending before this court it could ignore the arbitration proceeding. It sought to dismiss its contract claims and only litigate the tort claims. However, it made a fundamental mistake in thinking that the arbitration panel was some sort of extension of this court and sought dismissal with this court instead of the arbitration panel. The court refused to intervene and the arbitration panel proceeded, in the absence of Betta, to rule in favor of DSS. The arbitration panel specifically held:

> Having considered all testimony heard by the Panel, the full record at the final hearing, and the entire record otherwise placed before the Panel during the course of this arbitration proceeding, the Panel is satisfied that there is no credible evidence in the arbitration record sufficient to establish any of the breaches of contract alleged in Claimants' Specification of Claims, and that nothing in the entire arbitration record creates any reason for the Panel to believe that, had Claimants elected to appear at the final hearing, they would have been able to establish any of such alleged breaches of contract by a preponderance of the evidence.

DSS has filed a motion to dismiss the remaining tort claims against it, on the ground that the decision of the arbitration panel preclusively forbids Betta from re-litigating the issue of whether DSS acted wrongfully in its care of Betta's inventory.

Since the agreement between Betta and DSS called for DSS to use reasonable efforts to store safely

2

all products received from Betta and to protect the products from loss or damage, and since the arbitration panel found that DSS did not breach the agreement, if the arbitration decision is given preclusive effect then the court must dismiss Betta's tort claims, which are based on the same operative facts. While the tort claims are based on negligence and conversion rather than breach of contract, there is no way that DSS could have committed these torts without breaching the contract.

Issue preclusion bars re-litigation of issues that have been actually litigated. The doctrine is intended to avoid inconsistent judgments and the related misadventures associated with giving a party a second bite at the apple. Issue preclusion bars re-litigation of an issue of fact or issue that: (1) is identical to a fact or issue determined in an earlier proceeding, (2) was actually decided by a court in an earlier action, (3) the issue was necessary to the judgment in such action, (4) there was a final judgment on the merits, and (5) the parties are the same. *Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1245 (9th Cir.2001).

In this case, all of the elements for issue preclusion are present except that the award of the arbitration panel is not final. While the court did enter a judgment on the award on March 1, 2007, it did not direct that it was a final judgment or make the express determinations necessary for it to be final. Pursuant to FRCP 54(b), made applicable to this adversary proceeding by FRBP 7054, that judgment is not final.[1] The motion to dismiss on grounds of issue preclusion therefore cannot be granted[2].

II. Standing

The court does not see how Betta lacks standing. The confirmed plan of reorganization specifically

---

[1] The court is aware that Betta has appealed the judgment. The appellate court can of course, treat the appeal as a motion for leave to appeal pursuant to FRBP 8003(c). The fact remains, however, that Betta has continued its procedural blundering by improperly appealing a judgment which is not final.

[2] Both sides in this case are bound and determined to win by cleverness of counsel. In this contest, Betta is at a distinct disadvantage. However, the court actually wants to hear testimony and find out if DSS negligently stored Betta's inventory. The court's curiosity is so strong at this point that it has no interest in the procedural machinations of the parties and the quiddities of their lawyers. The court suggests they either talk settlement or prepare for trial.

3

provides "The debtor may pursue reserved actions, tort claims . . . "[ § 7.02]. Further, § 7.04 specifically provides:

> 7.04. Debtor shall reserve the rights to pursue the following:
> . . . .
>    c. Claims and rights of setoff against Distribution Sales and Services Corporation arising from the warehousing agreement dated May 1, 1996, payments, overcharges, lost and damaged goods, and claims assigned pursuant to the Compromise Agreement . . . .

The instant adversary proceeding is entirely consistent with the plan and Betta has standing to bring the action.

III. Partial Summary Judgment

The court is not thrilled with Betta's expectation that the court will wade through page after page of exhibits attempting to determine if partial summary judgment is appropriate, just as the court is not thrilled with DSS's procedural arguments and endless exhibits and useless "compendia." Nonetheless, the parties are not obligated to make things easier on themselves by focusing on substantive issues. And the court is not obligated to rule on a motion for partial summary judgment. "In a case involving multiple claims, the court may exercise its discretion to deny summary judgment where it finds it better as a matter of judicial administration to dispose of all the claims and counterclaims at trial rather than attempt piecemeal disposition, or where part of the action may be ripe for summary judgment but is intertwined with another claim that must be tried." 28 Fed.Proc.L.Ed., Pleadings and Motions, §§ 62:572, citing *Taylor v. Rederi A/S Volo*, 374 F.2d 545 (3rd Cir. 1967) and *Kollsman Instrument Corp. v. Astec Instrument Corp.*, 225 F.Supp. 534 (S.D.N.Y. 1964).

Since this is to be a court trial, the court sees no benefit to deciding the case piecemeal. If the parties really want to spend their time and money on endless procedural motions they are free to do so, but at the end of the day they will still have to discuss what, if anything, happened to Betta's inventory.

For the foregoing reasons, the motion of DSS for dismissal or summary judgment will be denied, as will Betta's motion for partial summary judgment. Any party who wants an order to this effect may submit one. The court looks forward to trial in January and warns both sides that a continuance for any reason is not

4

1 likely.

3 Dated: August 15, 2007

Alan Jaroslovsky
U.S. Bankruptcy Judge