UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

BETTA PRODUCTS, INC.,                              No. 03-10925

                              Debtor(s).
_____/

BETTA PRODUCTS, INC.,

                              Plaintiff(s),

            v.                                              A.P. No. 05-1046

DISTRIBUTION SYSTEMS AND SERVICES,
INC., aka DSS,

                              Defendant(s).
_____/

Memorandum After First Two Days of Trial
_____

       The first two days of trial in this adversary proceeding were among the most miserable the court has endured in over two decades on the bench. In retrospect, blame for this bad experience must be shared by plaintiff, defendant and the court.

       Plaintiff deserves much of the blame for what is clearly a poorly-prepared case. Employing a shotgun approach to the litigation, plaintiff has produced thousands of pages of documents without any thought whatsoever as to how so much information can possibly be absorbed by a trial judge. In addition, although

1

plaintiff filed detailed proposed findings and conclusions as ordered by the court plaintiff seems to have lost all focus on the basic elements it needs to prove. This is compounded by at least two deceptive acts, which the court ascribes to poor judgment rather than guile, as plaintiff's counsel do not appear to be clever enough for the latter. In one instance, plaintiff's counsel substituted a substantially altered exhibit for the one which was pre-marked and exchanged. In another, Exhibit 4 was moved into evidence as a list of items supposedly lost, together with their dollar value, without any disclosure that plaintiff knew some of the information in it was inaccurate.[1]

A large part of the court's frustration stems from the conduct of defendant's counsel, who does not seem to realize that in a bench trial the judge has wide discretion as to what evidence will be considered and admitted. Counsel's incessant, petty objections are a major reason the case ground down into slow torture for the court. Having already evaluated the value of the testimony offered by plaintiff's main witness after listening to her for hours, the court wanted only to get on with the case and get her off the stand but found it was unable to do so because of repeated objections. Counsel for defendant does not seem to understand that just because the court listens to testimony or admits a document does not meant the court finds the evidence persuasive or dispositive. "A trial judge sitting without a jury is entitled to greater latitude in the admission or exclusion of evidence. In a bench trial, reversal is only warranted if all of the competent evidence is insufficient to support the judgment, or if it affirmatively appears that the incompetent evidence induced the court to make an essential finding which it otherwise would not have made." *Southern Pacific Transp. Co. v. Chabert*, 973 F.2d 441, 448 (5th Cir.1992).

Moreover, defendant's counsel is doing his own client a disservice by leading the court to error through sheer frustration. As noted above, admitting evidence which should not be admitted is rarely grounds for reversal in a bench trial; excluding proper evidence is much more likely to result in having to re-litigate. This happened once on the second day of trial, when the court granted defendant's motion to exclude

---

[1] Plaintiff's counsel can save their protests. The court has listened again to the testimony, which can be found at 3:16:50 on the first day of trial.

Case: 05-01046    Doc# 259    Filed: 02/07/08    Entered: 02/07/08 11:41:07    Page 2 of 4

evidence of an oral contract. If this claim is in the amended complaint and was not part of the arbitrated claim, the court should consider it. Upon such a showing, the court will hear such evidence and its prior ruling will be vacated.[2]

The actions of defendant's counsel demonstrated exactly why, despite incredible procedural blundering, plaintiff actually has its day in court. Defendant's counsel comes on so strong that the court has been led to believe defendant is hiding something or afraid that damning evidence will be introduced. The court has not seen any such thing in two long days of trial, but its sense of justice is offended by a litigant which repeatedly tries to win its case on technicalities instead of merits.

The court recognizes that its misery is in large part its own fault. Now that it sees the weak and scattered nature of plaintiff's case, it understands that it probably should have allowed the case to die and not excused plaintiff's failure to arbitrate the case and failure to submit a properly-drafted order after the court allowed the complaint to be amended. In its defense, the court was interested in justice. For judges as well as litigants, it seems that no good deed goes unpunished.

Having heard so much of the trial, the court is determined to see it through to the end. It is certainly possible that evidence will be presented which turns the case around, although this may be unlikely for two reasons. First, the court has heard the full testimony of two of the three witnesses plaintiff may call to establish its case and many hours of the third witness. Second, its principal witness, whose testimony has dragged on and on, has already been evaluated by the court as to her demeanor, forthrightness, personal knowledge of the facts and disinterestedness. If plaintiff has a case, the court suggests that its counsel demonstrate it quickly and simply, and not rely on a mountain of paper to result in a favorable decision. If defendant feels it has done nothing wrong, the court suggests that its counsel just let plaintiff complete its case with as little interruption as possible.

The conclusion of the trial shall be conducted in accordance with this memorandum.

---

[2]This is not an invitation to plaintiff to amend the complaint or to add witnesses not originally disclosed. The court is merely correcting its own error. Plaintiff's case will probably not be rescued by an oral contract.

Case: 05-01046    Doc# 259    Filed: 02/07/08    Entered: 02/07/08 11:41:07    Page 3 of 4

Dated: February 7, 2008

_____
Alan Jaroslovsky
U.S. Bankruptcy Judge

4